**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR10-8216 PCT-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Sheila Ruth Young, et al. | |
| Defendants. | |

During trial yesterday, the Court took under advisement the admissibility of Exhibit 1178, a 50-page document titled "Modern Money Mechanics" that was found in Defendants' office during an IRS search in October of 2009.  Defendants seek to introduce the exhibit as evidence that they did not believe the tax returns they filed on behalf of their clients were false.  The document concerns, among other things, the "fractional reserve banking system" that Defendants claim to have relied upon to conclude that money borrowed or spent by taxpayers in fact creates wealth in the banking system that taxpayers can claim as income and as withheld taxes on their tax returns.  The document is highly complex and purports to provide a detailed and expert discussion of the United States banking and federal reserve system.

The government argues that the exhibit is inadmissible because Defendants have not presented evidence that they actually relied on it.  The government argues that materials concerning the legal justification of Defendants' false tax returns generally is inadmissible because it risks juror confusion about what the law requires of taxpayers.  The Court held before trial that legal research "upon which Defendants relied in

1
2
concluding that their tax refunds approach was legitimate" would be admissible. Doc. 383 at 2.

3
    The Ninth Circuit has provided the following guidance:

4
5
6
7
8
9
10
11
> Although a district court may exclude evidence of what the law *is* or *should be*, it ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant *thought the law was* in [tax evasion] cases because willfulness is an element of the offense.  In [such] prosecutions, statutes or case law upon which the defendant claims to have *actually relied* are admissible to disprove that element if the defendant lays a proper foundation which demonstrates such reliance.  Legal materials upon which the defendant does not claim to have relied, however, can be excluded as irrelevant and unnecessarily confusing because only the defendant's subjective belief is at issue: the court remains the jury's sole source of the law.

12
*United States v. Powell*, 955 F.2d 1206, 1214 (9th Cir. 1992) (emphasis in original).

13
14
15
16
17
18
19
20
21
22
23
24
25
    This is not a tax evasion case that requires willful violation of the law, but it does require intent to defraud.  Exhibit 1178 presents a complex and highly technical discussion of the banking system in the United States, including laws that regulate the banking system.  *See, e.g.,* Ex. 1178 at 31 (discussing authority granted by Congress in 1933, a 1980 statute, the Garn-St. Germain Act of 1982, etc.).  Because it presents a risk of jury confusion similar to the introduction of legal materials in tax evasion cases, the Court concludes that it is admissible, as the Ninth Circuit instructed, only if "the defendant claims to have *actually relied*" upon the document and "lays a proper foundation which demonstrates such reliance."  *Id*. (emphasis in *Powell*).  Defendants have not laid a proper foundation showing that they actually relied on Exhibit 1178.  Its mere presence in their office during the search in October of 2009 does not establish that it was read or relied upon by Defendants in concluding that the tax returns they prepared in this case were not fraudulent.

26
27
28
    Defendants argue that the government has been permitted to introduce evidence of frivolous filing notices and other tax notices found in their offices during the same search, and that Exhibit 1178 should receive similar treatment.  The Court does not agree.

1
2
3
4
5
6

The notices admitted in evidence do not present the same risk of confusion about what the tax laws require or permit as does Exhibit 1178 or the materials discussed in *Powell*. Moreover, the government has presented evidence that the notices were sent to clients of Defendants for whom Defendants prepared allegedly fraudulent tax returns, and that the notices were found in client files Defendants maintained in their office.  The notices thus have a direct connection to the allegedly wrongful actions in this case.

7
8

The Court concludes that Defendants have not laid the foundation required by *Powell* and that Exhibit 1178 is therefore inadmissible.

9

Dated this 14th day of February, 2013.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____
David G. Campbell
United States District Judge